IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| GULF COAST HOTEL-MOTEL ASSOCIATION AND ITS SUCCESSOR MISSISSIPPI HOTEL & LODGING ASSOCIATION | § § § § | PLAINTIFF |
| v. | § § | Civil No. 1:08CV1430-HSO-JMR |
| MISSISSIPPI GULF COAST GOLF COURSE ASSOCIATION, *et al.* | § § § | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER DENYING
MOTIONS TO DISMISS WITHOUT PREJUDICE AND GRANTING
PLAINTIFF LEAVE TO AMEND COMPLAINT**

BEFORE THE COURT are the Motions to Dismiss [19], [34], of Defendants The Pass Christian Isles Golf Club, Inc., Sunkist Country Club, Inc., St. Andrews Golf Course, Mississippi Gulf Coast Golf Course Association ["Golf Association"], Diamondhead Country Club and Property Owners Association, Inc., Gulf Hills Golf Club, Inc., and Great Southern Golf Club, Inc. [collectively, "Certain Defendants"], and of Defendant The Oaks Golf Club, LLC [collectively, "Movants"], filed February 6, 2009, and April 15, 2009, respectively, in the above-captioned cause. Plaintiff has filed Responses [32], [36], and Certain Defendants a Reply [35], in which The Oaks Gulf Club, LLC, joined [37]. After consideration of the parties' submissions, the record, and the relevant legal authorities, and for the reasons discussed below, the Court finds that Movants' Motions to Dismiss [19], [34], should be denied without prejudice, with leave to reassert.

I.  FACTS AND PROCEDURAL HISTORY

Plaintiff filed its Complaint [1] on November 25, 2008.  This dispute stems from the use of certain golf package or voucher programs by Plaintiff and its respective members.  *See* Compl., at pp. 5-12.  Movants now ask the Court to completely dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  Plaintiff opposes such dismissal, and in the alternative, requests leave to amend the Complaint.  *See* Pl.'s Resp., at pp. 16-17.

II. DISCUSSION

Plaintiff asserts violations of Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 and 2, violations of Section 2 of the Clayton Act, 15 U.S.C. § 13, tortious interference with business relations, and tortious interference with contract.  *See* Compl., at pp. 13-17.  Movants contend that the Complaint fails to plead an antitrust injury and fails to plead sufficient restraint of trade or conspiracy claims to state a plausible claim under Section 1 of the Sherman Act, and that Plaintiff fails to plead sufficient monopoly or conspiracy claims to state plausible claims under Section 2 of the Sherman Act.  Movants further assert that Plaintiff fails to plead that the claims involve sales of products between the parties in interstate commerce sufficient to raise plausible claims under the Clayton Act, and that Plaintiff fails to plead any plausible state law claims.  *See* Mem. in Supp. of Certain Defs.' Mot. to Dismiss, at p. 2.  Plaintiff counters that it has articulated sufficient facts in its Complaint to support its causes of action but that, alternatively, it

should be granted leave to amend its Complaint pursuant to Federal Rule of Civil Procedure 15, *in lieu* of dismissal. *See* Pl.'s Resp. at pp. 5, 16.

A. <u>Standard of Review</u>

Federal Rule of Civil Procedure 8(a) provides in relevant part that

> [a] pleading that states a claim for relief must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

Under Rule 8(a)(2), the statement need only "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The Court's analysis is "generally confined to a review of the complaint and its proper attachments." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (U.S. 2009) (*quoting Twombly,* 550 U.S. at 556-57, 570).

B.     Interstate Commerce

Plaintiff contends that this Court has federal question jurisdiction over its antitrust claims, pursuant to 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction over its state law claims under 28 U.S.C. § 1367.  *See* Compl., at p. 4. Plaintiff's claims under the Sherman Act and the Clayton Act (or Robinson-Patman Act) each require at least some element of interstate commerce–either that the transactions in question are in interstate commerce or that interstate markets or the interstate flow of goods are affected.  *See* 15 U.S.C. §§ 1, 2, & 13; *see also Infusion Resources, Inc. v. Minimed, Inc.*, 351 F.3d 688, 692 (5th Cir. 2003) ("[i]n order to recover damages for a claim under § 13(a) of the Robinson-Patman Act (RPA)/§ 2(a) Clayton Act claim, a plaintiff must prove four facts," the first of which is "sales made in interstate commerce"); *Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Discount Centers, Inc.*, 200 F.3d 307, 316 (5th Cir. 2000) (element of conspiracy to monopolize claim under Section 2 of the Sherman Act is "an effect upon a substantial amount of interstate commerce") (internal quotation omitted); *Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 961 F.2d 1148, 1158 (5th Cir. 1992) ("[i]n order to state a claim for a violation of Section 1, a plaintiff must allege (1) the existence of a conspiracy (2) affecting interstate commerce (3) that imposes an 'unreasonable' restraint of trade.").

Plaintiff makes conclusory statements that Defendants' conduct has affected interstate commerce. *See* Compl., at pp. 5, 13-14.[1] However, Plaintiff also claims that "all of the parties are residents of Mississippi and all of the events giving rise to the cause of action and damages sustained by Plaintiff took place in Mississippi." *Id.* at p. 5. Based on the foregoing, the Court questions its subject matter jurisdiction over this case.

"Federal courts are courts of limited jurisdiction. [The Court] must presume a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). District Courts have a duty to consider the question of subject matter jurisdiction *sua sponte* and to dismiss any action in which subject matter jurisdiction is lacking. *See* Fed. R. Civ. P. 12(h)(3); *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985).

Movants seek dismissal of the Complaint for failure to state a claim, contending that Plaintiff has failed to plead the requisite interstate transactions to support a claim under the Clayton Act. The Court is of the opinion that Plaintiff has not articulated sufficient factual allegations establishing any effect on interstate commerce. Such is necessary in order to support this Court's exercise of subject matter jurisdiction, and to demonstrate that Plaintiff has properly stated

---

[1] In relation to both its Sherman Act and Clayton Act claims, Plaintiff states generally that "[t]he operation and sales that are the subject of this lawsuit, as well as the specific conduct alleged herein, involve commodities and services in interstate commerce, requires for the conduct of such business the use of property and items purchased in interstate commerce, and otherwise affect interstate commerce." Compl., at p. 13, 15.

claims under either the Sherman or Clayton Acts. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (U.S. 2009) (stating that "a complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'") (*quoting Twombly*, 550 U.S. at 557); *Gulf Oil Corp. v. Copp Paving Co., Inc.*, 419 U.S. 186, 202 (1974) (stating that "[t]he plaintiff must alleged [sic] and prove that apparently local acts in fact have adverse consequences on interstate markets and the interstate flow of goods in order to invoke federal antitrust prohibitions."). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949.

Though Plaintiff has not submitted a formal motion or proposed Amended Complaint, pursuant to Federal Rule of Civil Procedure 15(a)(2), the Court is of the opinion that Plaintiff should be granted leave to amend its Complaint in order to cure these defects. *See* FED. R. CIV. P. 15(a)(2) (stating that "[t]he court should freely give leave when justice so requires."). The Court can then reassess whether federal subject matter jurisdiction exists over Plaintiff's claims. Movants' Motions to Dismiss will therefore be denied without prejudice, and with leave to reassert. Plaintiff will be granted leave to amend and cure its Complaint.

### III. CONCLUSION

The Court has considered Movants' Motions to Dismiss and all relevant legal authorities, pleadings, and submissions, and concludes that, for the reasons stated herein, Movants' Motions to Dismiss [19], [34] should be denied without prejudice,

-6-

with leave to reassert. Plaintiff shall file any Amended Complaint on or before August 31, 2009.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons cited herein, the Motions to Dismiss [19], [34], of Movants, filed February 6, 2009, and April 15, 2009, pursuant to Federal Rule of Civil Procedure 12(b)(6), both should be and are hereby **DENIED WITHOUT PREJUDICE**, with leave to reassert**.**

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, for the reasons cited herein, Plaintiff shall file any Amended Complaint on or before August 31, 2009.

**SO ORDERED AND ADJUDGED**, this the 7th day of August, 2009.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE