IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| GULF COAST HOTEL-MOTEL ASSOCIATION AND ITS SUCCESSOR MISSISSIPPI HOTEL & LODGING ASSOCIATION | § § § § § | PLAINTIFF |
| v. | § § | Civil No. 1:08CV1430-HSO-JMR |
| MISSISSIPPI GULF COAST GOLF COURSE ASSOCIATION, *et al.* | § § § | DEFENDANTS |

## ORDER DENYING AS MOOT PLAINTIFF'S MOTION TO LIFT STAY AND DISMISS DEFENDANT ST. ANDREWS GOLF COURSE WITHOUT PREJUDICE, GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO LIFT STAY AND DISMISS DEFENDANT ST. ANDREWS GOLF COURSE WITH PREJUDICE, GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT, AND DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS

BEFORE THE COURT are (1) the Motion to Dismiss [54] filed by Defendants Diamondhead Country Club and Property Owners Association, Inc., Great Southern Golf Club, Inc., Mississippi Gulf Coast Golf Course Association ["Golf Association"], St. Andrews Golf Course, Sunkist Country Club, Inc., The Oaks Golf Club, LLC, and The Pass Christian Isles Golf Club, Incorporated [collectively, "Moving Defendants"]; and (2) the Motions to Lift Stay and Dismiss Defendant St. Andrews Golf Course without Prejudice [72], to Lift Stay and Dismiss Defendant St. Andrews Golf Course with Prejudice [73], and for Leave to File Second Amended Complaint [101], all filed by Plaintiff. These Motions have now been fully briefed. After consideration of the parties' submissions, the record, and the relevant legal authorities, and for the reasons discussed below, the Court finds that Plaintiff's Motion to Lift Stay and Dismiss Defendant St. Andrews Golf Course with Prejudice

[73] should be granted in part and denied in part, that Plaintiff's Motion for Leave to File Second Amended Complaint [101] should be granted, and that Plaintiff's Motion to Lift Stay and Dismiss Defendant St. Andrews Golf Course without Prejudice [72], and Moving Defendants' Motion to Dismiss [54], should both be denied as moot.

I. PROCEDURAL HISTORY

Plaintiff filed its initial Complaint in this Court on November 25, 2008. After the Court denied certain Defendants' Motions to Dismiss [19], [34], it granted Plaintiff leave to amend its Complaint. Plaintiff's Amended Complaint [41] was filed on August 31, 2009. Moving Defendants filed their Motion to Dismiss [54] Plaintiff's Amended Complaint on September 14, 2009, which was joined [56], [64], by Defendants Gulf Hills Golf Club, Inc., and SPE Go Holdings, Inc.

On October 23, 2009, Defendant South Marsh Developers d/b/a St. Andrews Golf Course ["Debtor Defendant"] filed a Suggestion of Bankruptcy [71]. In this pleading, it advised that it had instituted a bankruptcy proceeding under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Florida (Pensacola). *See* Suggestion of Bankruptcy, at p. 1. On November 5, 2009, Plaintiff filed a Motion to Dismiss [72], seeking to lift the automatic stay and voluntarily dismiss Debtor Defendant without prejudice. Plaintiff then filed an Amended Motion to Dismiss [73] on November 6, 2009, seeking to lift the automatic stay and voluntarily dismiss Debtor Defendant with prejudice. Plaintiff subsequently filed a Second Amended Complaint [82], which the

Court later ordered stricken, which did not name Debtor Defendant, apparently in an effort to conform the pleadings to reflect the dismissal of Debtor Defendant. Moving Defendants filed a subsequent Motion to Dismiss [95] this Second Amended Complaint, which the Court denied as moot on December 28, 2009. *See* Order [100].

In its December 28, 2009, Order [100], the Court questioned whether Plaintiff's request for injunctive relief against remaining members of the Golf Association may ultimately affect property of Debtor Defendant's bankruptcy estate, even if Plaintiff's Motion to Dismiss Debtor Defendant with Prejudice were granted. The Court therefore directed the parties to brief the issue of whether this case would remain subject to the provisions of the automatic stay under 11 U.S.C. § 362, even if Debtor Defendant were to be dismissed with prejudice. Plaintiff thereafter filed a Motion for Leave to File a Second Amended Complaint [101] on January 23, 2010, and the parties briefed the automatic stay issue. *See* Responses [102], [103], [106], [108].

## II. DISCUSSION

A. Effect of Automatic Stay if Debtor Defendant is Dismissed with Prejudice

The general rule is that the automatic stay provision of 11 U.S.C. § 362(a) only stays claims against a debtor-defendant, not against a Chapter 11 debtor's co-defendants. *See, e.g., Reliant Energy Servs., Inc. v. Enron Canada Corp.*, 349 F.3d 816, 825 (5th Cir. 2003); *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 544 (5th Cir. 1983) (noting that the statutory language clearly focuses on the insolvent party). There are some instances, however, where the automatic stay provision can

stay an action against non-debtors.  *See Reliant Energy*, 349 F.3d at 825; *Arnold v. Garlock, Inc.*, 278 F.3d 426, 436 (5th Cir. 2001).

One such exception is where there exists such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant, and a judgment against the third-party defendant will in effect be a judgment or finding against the debtor.  *See Reliant Energy*, 349 F.3d at 825; *Garlock*, 278 F.3d at 436.  The Fifth Circuit has held that this exception does not apply if there is "no claim of a formal tie or contractual indemnification . . . between the debtor and nondebtor."  *Reliant Energy*, 349 F.3d at 825 (*citing Garlock*, 278 F.3d at 436).  Another exception recognized by the Southern District of Texas is when an action against a non-debtor involves property of the estate, or such action would have a significant impact on the debtor's ability to reorganize.  *See Carway v. Progressive County Mut. Ins. Co.*, 183 B.R. 769, 775 (S.D. Tex. 1995) (noting that the non-debtor party's interest must be so intertwined that it is considered to be the real party in interest) (*citing In re Kelton Motors, Inc.*, 121 B.R. 166, 193 (Bankr. D. Vt. 1990)).

Plaintiff argues that, even if such protection were available to the other Defendants in this case, it is not automatic and requires an appropriate order in the bankruptcy court, pursuant to section 105(a) of the Bankruptcy Code.  *See* Pl.'s Resp. [102], at p. 2 (*citing In re All Seasons Resorts, Inc.*, 79 B.R. 901, 903-04 (Bankr. C.D. Cal. 1987); *DAB Three, LLC v. LandAmerica Financial Group, Inc.*, 2009 WL 1312752, *5 (Conn. Super. April 15, 2009)); *see also Matter of S.I.*

*Acquisition, Inc.*, 817 F.2d 1142, 1146 n.3 ("Section 105 does empower the bankruptcy court to stay proceedings against nonbankrupt entities"). It does not appear from the record in this case that such an order has been obtained from the bankruptcy court before which Debtor Defendant's bankruptcy is pending. "The party seeking the section 105 stay bears the burden of requesting it and the persuasion on the merits." *Matter of S.I. Acquisition, Inc.*, 817 F.2d at 1146 n.3 (*citing Wedgeworth*, 706 F.2d at 541).

The Court is of the opinion that, even if it were empowered under section 105 to stay proceedings against the remaining Defendants, Defendants in this case have not demonstrated that the automatic stay provision applies to them, or that the property of Debtor Defendant's bankruptcy estate would be affected by this case if Debtor Defendant is dismissed with prejudice. Defendants contend that because Debtor Defendant is a member of the Golf Association, Debtor Defendant will remain an interested and affected party to this case, and that a judgment against the Golf Association would be a judgment against its members, including Debtor Defendant. *See* Defs.' Resp. [103], at pp. 3-4. However, Defendants have presented no evidence of a formal tie or contractual indemnification agreement between Debtor Defendant and the Golf Association, or any remaining Defendant, which would render the former liable for any judgment in this case. Defendants have not met their burden of showing that the automatic stay would or should apply to Plaintiffs' claims against them if Debtor Defendant were dismissed with prejudice.

Even if section 105 does not apply to the remaining Defendants, a district court has discretionary power to grant a stay in the interest of justice and in control of its docket. *See Wedgeworth*, 706 F.2d at 545. "The party seeking a stay bears the burden of justifying a delay tagged to another legal proceeding. . . ." *Id.* (*citing Landis v. North American Co.,* 299 U.S. 248, 254-55 (1936)). Though Defendants have argued for a stay of the proceedings pending Debtor Defendant's bankruptcy, the Court is not persuaded that they have carried the necessary burden of justifying such a delay in this case, as they have not demonstrated a "clear case" of hardship or inequity. *See id.*; *see also In re Davis*, 730 F.2d 176, 179 (5th Cir. 1984). Nor have Defendants shown that Debtor Defendant is an indispensable party to this action. *See Wedgeworth*, 706 F.2d at 545. The Court will therefore grant in part Plaintiff's Amended Motion to Dismiss [73], to the extent that it seeks to voluntarily dismiss Debtor Defendant with prejudice, and deny the motion in part as moot, to the extent it seeks to lift the automatic stay as it pertains to this case. *See Garlock*, 278 F.3d at 436 (stating that district court retains jurisdiction to enter orders not inconsistent with the terms of the automatic stay). This case will proceed without Debtor Defendant. *See Wedgeworth*, 706 F.2d at 545 (holding that section 362 does not preclude severance of the debtor).

B.  <u>Plaintiffs' Motion for Leave to File Second Amended Complaint</u>

While the Court has discretion to permit amendments, Federal Rule of Civil Procedure 15(a) provides that leave to amend a party's pleading "shall be freely given when justice so requires." FED. R. CIV. P. 15(a)(2). The Fifth Circuit has

articulated five considerations in determining whether to grant a party leave to amend a complaint: 1) undue delay; 2) bad faith or dilatory motive; 3) repeated failure to cure deficiencies by previous amendments; 4) undue prejudice to the opposing party; and 5) futility of the amendment. *See Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (*citing Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (internal citation omitted)).

The present Motion to Amend is the second such motion filed by Plaintiff, and was filed after the November 21, 2009, deadline for amending pleadings. *See* Case Management Order [68]. However, the Motion was filed in response to the bankruptcy of Debtor Defendant. Although there has been some delay in this case, the Court finds that granting the Motion to Amend would not result in any significantly greater delay than that which has already taken place. Nor is the request to amend otherwise inconsistent with the standards of Rule 15. Plaintiff's Motion for Leave to File Second Amended Complaint [101] should be granted.

C.   Moving Defendants' Motion to Dismiss

Defendants' Motion to Dismiss [54] seeks to dismiss Plaintiff's Amended Complaint [42]. Because Plaintiff has been granted leave to amend its Amended Complaint, Defendants' Motion [54] will be denied as moot.

### III.  CONCLUSION

For the reasons more fully stated herein, Plaintiff's Motion to Lift Stay and Dismiss Defendant St. Andrews Golf Course with Prejudice [73] will be granted in part and denied in part; Plaintiff's Motion to Lift Stay and Dismiss Defendant St.

Andrews Golf Course without Prejudice [72] will be denied as moot; Plaintiff's Motion for Leave to File Second Amended Complaint [101] will be granted; and Moving Defendants' Motion to Dismiss [54] will be denied as moot.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated herein, Plaintiff's Motion to Lift Stay and Dismiss Defendant St. Andrews Golf Course with Prejudice [73], filed November 6, 2009, should be and hereby is **GRANTED IN PART AND DENIED IN PART**, and Defendant St. Andrews Golf Course hereby is **DISMISSED WITH PREJUDICE**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, for the reasons stated herein, Plaintiff's Motion to Lift Stay and Dismiss Defendant St. Andrews Golf Course without Prejudice [72], filed November 5, 2009, should be and hereby is **DENIED AS MOOT.**

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, for the reasons stated herein, Plaintiff's Motion for Leave to File Second Amended Complaint [101], filed January 13, 2010, should be and hereby is **GRANTED**, and Plaintiff shall filed its proposed Second Amended Complaint on or before March 19, 2010.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, for the reasons stated herein, Moving Defendants' Motion to Dismiss [54], filed September 14, 2009, should be and hereby is **DENIED AS MOOT.**

**SO ORDERED AND ADJUDGED**, this the 12th day of March, 2010.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE